**UNITED STATES DISTRICT COURT**
<u>**FOR THE NORTHERN DISTRICT OF NEW YORK**</u>

**UNITED STATES OF AMERICA,**

                                        **DEFENDANT'S FIRST**
                                        <u>**SENTENCING  MEMORANDUM**</u>

      v.

                                        Criminal Action Number
                                        05:17-CR-00199

**LeAnn Evans,**
                  **Defendant.**

_____

      Please accept this memorandum as a sentencing memoranda for the above Defendant, LeAnn Evans, scheduled for sentencing on September 19, 2018.

### OBJECTIONS TO PRE-SENTENCE REPORT

We have no objections to the calculations in the PSR.

### GENERAL DEPARTURE REQUEST

      Under 18 U.S.C. § 3553(b), the court may depart down below the guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." The Presentence investigation report many facts and circumstances that the Court can consider a non-guideline sentence and Ms. Evans is specifically the type of Defendant that is outside the heartland of defendant typically presented to the Court. We respectfully request that the Court follow the sentencing analysis from the post-*Booker* line of cases. Ms. Evans, the defendant under consideration, is deserving of a downward departure for several reasons.

Ms. Evans, history and background is unusual and should be given detailed consideration. In her young life Ms. Evans has been subject to a disproportionate amount of tragedy, not of her own doing. The Report notes some of her unusual circumstances. It is clear that Ms. Evans' history has left her at a distinct disadvantage leaving her with few options other than the path she has taken. The experience of her arrest has shaped and promoted her desire to improve her circumstances and future.

At 29 years old Ms. Evans has been subject to more death and trauma than most people twice her age. By the age of five she was constructively abandoned by a drug addicted mother and brought to live in New York. By the age of 15 she had been sexually abused by a family friend, been diagnosed with a serious mental health condition and lost her only brother to gun violence. Throughout her formative years it appears that though well meaning and intentioned, her father Mark Demerest, was understandably ill equipped to handle the severe traumas that repeatedly befell LeAnn. The shame, guilt and negative emotions that are created by her loss and abuse was too much to handle and Mr. Demarest did what he could. As is often the case with those who survive the type of trauma LeAnn endured, she acted out and at 21 also became involved with a severely abusive and violent partner. She became trapped in that relationship for several year due to financial constraints, a lack of a role model for appropriate relationships and then later being tied to him as the father of her children. She was only freed from that violent relationship due to his incarceration. She was never able to get the proper treatment and assistance to recover from that relationship.

Throughout her life it has been difficult for her to get proper counselling and medications for her conditions due to financial difficulties. That also increased her involvement with drugs.

Sadly, the situation that seems to have been the strongest influence in placing her in the conspiracy she stands before the court to be sentenced on, came from the tragic and sudden death of

her fiancé in 2016. After that occurred her drug use spiraled and put her in a position to be used by members of the conspiracy for the purpose of buying pseudoephedrine as noted in the report.

Further incarceration of Ms. Evans would serve no viable purpose other than strictly punishment. MS. Evans has finally been able to establish a period of sobriety and after completing the HIIP program is interested in continuing treatment for both her mental health and drug problems. She wishes to continue to focus on her children and remaining sober and reliable for them. Her father has been caring for her children while she is incarcerated. Of utmost concern to her is if she were to remain in jail past the release date of their biological father, they could be placed in his custody. She is extremely concerned that if she is not available, her father and more importantly the children would be subject to his abusive and dangerous nature. This is a strong motivation for her to maintain a healthy sober life in the future.

## THE DEFENDANT WAS A MINOR PARTICIPANT IN THE OFFENSE

The factual situation regarding this Defendant warrants a decrease of 2 levels, as the Defendant was in several aspects a minor participant in the activities of the conspiracy. The issue a participation is addressed by the guidelines in §3B1.2 under Mitigating Role. The court may depart downward based on the role played by the particular defendant. United States v. Genao, 1993 WL 327290 (S.D.N.Y. August 25, 1993).

As noted in the PSR, Ms. Evans had no involvement in the manufacture of the drugs distributed by the conspiracy. She was friendly with the manufacturers due to her own drug use and cooperated with them in many instances in order to have a place to stay or feed her habit. Though the PSR does not note a specific role related downward departure, it acknowledges the facts related to Ms. Evans role. A two-level departure is applicable in this case as Ms. Evans was used as a "smurf" for

regular known Meth manufacturers and was not involved in the hierarchy or structure of the conspiracy to distribute it.

      We respectfully request that the court weigh her history and all these factors accordingly in Ms. Evans ultimate sentence. We respectfully request that Ms. Evans be given a non-incarcerative sentence with the requested downward departures including a departure for her plea and assess her Criminal History Category at II.

Respectfully Submitted,


Christina Cagnina, Esq.
Bar Roll No. 508589
Attorney for LeAnn Evans
247 West Fayette Street, Suite 300
Syracuse, New York 13202
(315) 423-7025

cc: Carl Euranius, US Attorney's office